﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/21 Archive Date: 04/30/21

DOCKET NO. 190820-79694
DATE: April 30, 2021

ORDER

Entitlement to an earlier effective date than April 9, 2019, for dependency benefits for the Veteran’s spouse is denied.

FINDINGS OF FACT

1. The record evidence shows that the Veteran was not eligible to claim his wife as a dependent until a March 2013 rating decision that granted a disability rating resulting in a combined rating of 30 percent or greater.

2. The record evidence shows that the Veteran was informed in a March 2013 rating decision notification letter that he was being paid as a single Veteran with no dependents and provided instructions on how to add a dependent; he did not claim dependency for his wife within one year of that decision.

3. The record evidence shows that a February 2018 rating decision notification letter also informed the Veteran that he was being paid as a single Veteran with no dependents and provided instructions on how to add a dependent; he did not claim dependency for his wife within one year of that decision.

4. The record evidence shows that the RO received a Declaration of Status of Dependents that claimed the Veteran’s wife as a dependent on April 9, 2019.

CONCLUSION OF LAW

The criteria for entitlement to an earlier effective date than April 9, 2019 for the addition of dependency benefits for the Veteran’s spouse have not been met. 38 U.S.C. §§ 1115, 5107, 5110, 5124 (2012); 38 C.F.R. §§ 3.4, 3.102, 3.204, 3.401 (2019).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty from January 1967 to January 1969.

This appeal to the Board of Veterans’ Appeals (Board) is from a June 2019 Higher Level Review rating decision of the Department of Veterans Affairs (VA) Regional Office (RO). The Veteran timely appealed this decision to the Board in an August 2019 notice of disagreement (VA Form 10182) and requested direct review by a Veterans Law Judge without a hearing.

1. Entitlement to an earlier effective date than April 9, 2019 for the addition of dependency benefits

The law provides for payment of additional compensation for dependents of Veterans who are at least 30 percent disabled. 38 U.S.C. §§ 1115, 1134, 1135. An award of additional compensation on account of dependents based on the establishment of a disability rating in the percentage evaluation specified by law for the purpose shall be payable from the effective date of such rating; but only if proof of dependents is received within one year from the date of notification of such rating action. 38 U.S.C. § 5110(f); 38 C.F.R. § 3.401(b)(3). The effective date for additional compensation for a dependent spouse will be the latest of the following dates: 1) the date of the marriage, if the claim is received within one year of the marriage; 2) the date notice is received of the dependent spouse’s existence; 3) the date dependency arises; 4) the effective date of a qualifying disability rating provided evidence of dependency is received within one year of notification of such action; or 5) the date of commencement of a Veteran’s award. 38 U.S.C. § 5110(f); 38 C.F.R. § 3.401(b). The earliest that the additional award of compensation for a dependent spouse may be paid to the Veteran is the first day of the month following the effective date. 38 C.F.R. § 3.31. For purposes of determining entitlement to VA benefits, VA will accept the statement of a claimant as proof of marriage, dissolution of a marriage, birth of a child, or death of a dependent, provided that the statement contains: the date (month and year) and place of the event, the full name and relationship of the other person to the claimant, and the social security number of the other person. 38 U.S.C. § 5124; 38 C.F.R. § 3.204.

The Board finds that the preponderance of the evidence is against granting the Veteran’s claim of entitlement to an earlier effective date than April 9, 2019 for the addition of dependency benefits for his spouse. The Board notes initially that a June 2019 Higher Level Review decision established an effective date of April 9, 2019 to add the Veteran’s spouse as a dependent. The Veteran contends an earlier date should be established because the RO received a form on January 27, 1984, where he reported being married and added that he has been continuously married since 1979. Although the record shows the RO received VA 21-527 in January 1984, the relevant regulations require more than a declaration of marital status to establish dependency. Furthermore, the Veteran was not eligible to claim a dependent at that time. He was not eligible to apply for dependency benefits until March 2013 when a rating decision granted additional disability benefits. This action increased the combined disability rating from 20 percent to 50 percent. The Veteran was informed in the March 2013 rating decision notification letter that he was being paid as a single Veteran and what was required to claim a dependent. He did not respond by submitting the required form or any dependency information within one year. A February 2018 rating decision further increased his disability rating and he was informed again in the rating decision notification letter that he was being paid as a single Veteran and what was required to claim a dependent. He did not respond by submitting the required form or any dependency information within one year, so again there was no current information on his marital status.

The RO received the Veteran’s application to add his wife as a dependent on April 9, 2019. He also included a copy of his marriage certificate. 

The Board recognizes that the earliest the Veteran was eligible to add a dependent was based on the March 2013 rating decision but he did not submit proof of dependency within one year of this decision. The fact that he informed VA of his wife’s existence in 1984 does not satisfy the requirements to establish dependency or even proof of marriage. The law also does not require VA to assume there had been no change in his marital status for 29 years thereafter. He was given another opportunity to submit the necessary information in connection with an October 2017 claim that was decided in February 2018 but he again did not act in a timely manner. In this regard, the United States Court of Appeals for Veterans Claims (Court) has held that “[t]he duty to assist is not always a one-way street. If a Veteran wishes help, he cannot passively wait for it in those circumstances where he may or should have information that is essential in obtaining the putative evidence.” See Wood v. Derwinski, 1 Vet. App. 190, 193 (1991). Neither the Veteran nor his service representative has provided any explanation as to why he failed to respond to VA informing him that he was being paid as a single Veteran with no dependents and providing him with information on how to add a dependent in March 2013 and in February 2018. The record evidence shows that April 9, 2019, was the earliest date the Veteran submitted the necessary information to add his wife as a dependent and also is the earliest date that he was eligible for this additional benefit. Thus, the Board finds that the criteria for an earlier effective date than April 9, 2019, for the addition of dependency benefits for the Veteran’s spouse have not been met.

 

 

MICHAEL T. OSBORNE

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board D. Bredehorst, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.